1  LITTLER MENDELSON, P.C.
   GREGORY G. ISKANDER, Bar No. 200215
2  YESENIA GARCIA PEREZ, Bar No. 264880
   Treat Towers
3  1255 Treat Boulevard, Suite 600
   Walnut Creek, CA 94597
4  Telephone:  925.932.2468
   Facsimile:  925.946.9809
5
   Attorneys for Defendants
6  SIEMENS MOBILITY, INC.

7

8                    UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| TOMMY CANTERBERRY,<br><br>Plaintiff,<br><br>v.<br><br>ACARA SOLUTIONS, INC., a New York business organization; SIEMENS MOBILITY, INC., a Delaware business organization; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SIEMENS MOBILITY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446 (diversity)]**<br><br>Complaint filed: October 2, 2020 (Sacramento County Superior Court Case No.: 34-2020-002-86414) |
|---|---|

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO
FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant SIEMENS MOBILITY, INC. ("Defendant") hereby removes the matter of *Tommy Canterberry v. ACARA SOLUTIONS, INC., et al.*, pending before the Superior Court of the State of California for the County of Sacramento, Case No. 34-2020-00286414, to the United States District Court for the Eastern District of California. Removal is proper based on diversity of citizenship between the parties. Pursuant to Local Rule 120(d) of the Rules for the Eastern District of California, because this action is pending in Sacramento County, assignment to the Sacramento Division of this Court is proper.

In support of its Notice of Removal to Federal Court, Defendant states the following:

**I.    STATEMENT OF JURISDICTION**

1.   This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a), and this action may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because Plaintiff Tommy Canterberry ("Plaintiff") is a citizen of the State of California and Defendant was, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business in New York where its corporate headquarters, including its offices, directors and other executives, are located. (*See* Declaration of Christine Laster In Support Of Defendant's Notice Of Removal To Federal Court ("Laster Decl.") ¶ 4). The amount in controversy in this action exceeds $75,000.00.

**II.   STATUS OF PLEADINGS, PROCESS AND ORDERS**

2.   On October 2, 2020, Plaintiff commenced the action, entitled Tommy Canterberry v. ACARA Solutions, Inc. and Siemens Mobility, Inc.; and DOES 1 through 10, in the Superior Court of the State of California, County of Sacramento, designated as Case No. 34-2020-00286414. (Declaration of Yesenia Garcia Perez In Support of Defendant's Notice of Removal To Federal Court ("Garcia Perez Decl.") ¶ 2, Ex. A (Complaint)).

3.   On October 27, 2020, Plaintiff purported to serve Siemens Mobility, Inc. with the Summons and Complaint. (Garcia Perez Decl. ¶ 2, Ex. A).

4.   On November 24, 2020, Defendant filed an Answer and Affirmative Defenses

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

NOTICE OF REMOVAL TO FEDERAL COURT

to Plaintiff's Complaint in the Superior Court of the State of California, Sacramento County. (Garcia Perez Decl. ¶ 3, Ex. B). On November 23, 2020, Defendant received a copy of Defendant ACARA Solutions, Inc.'s Answer to Complaint. (Garcia Perez Decl. ¶ 5, Ex. C).

5.  Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A through C constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. (Garcia Perez Decl. ¶¶ 2-5, 9). To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed and served by any party in the Superior Court of California, County of Sacramento for this matter. (Garcia Perez Decl. ¶ 9). To Defendant's knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of Sacramento. (Garcia Perez Decl. ¶ 9).

### III. VENUE

6.  The action was filed in the Superior Court of California, County of Sacramento. Accordingly, venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1391, 1441 and 1446.

### IV. TIMELINESS OF REMOVAL AND NOTICE

7.  An action may be removed from state court by filing a notice of removal together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served his Complaint on Defendant Siemens Mobility, Inc. on October 27, 2020. (*See* Garcia Perez Decl. ¶ 2). Therefore, Defendant can remove this action up to and including November 30, 2020. *See* Fed. R. Civ. P. 6(a)(1)(c).

8.  This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on October 2, 2020. 28 U.S.C. § 1446(c).

### V. DIVERSITY JURISDICTION

9.  This Court has original jurisdiction over this civil suit pursuant to diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(a)(1). In defining diversity of citizenship jurisdiction, Section 1332(a) provides:

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

NOTICE OF REMOVAL TO FEDERAL COURT

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different states . . .

**A.    Plaintiff is a Citizen of California.**

10.    Citizenship of a natural person is established by domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is established by physical presence and an intent to remain indefinitely. *Id*. (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Allegations of residency in a state court complaint can support a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11.    In his Complaint, Plaintiff alleges residency in California. (Garcia Perez Decl. ¶ 2, Ex. A, ¶ 5) (Plaintiff "is and has been a resident of Sacramento County, State of California."). Accordingly, Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction analysis.

**B.    Defendant Siemens Mobility, Inc. is not a Citizen of California.**

12.    Siemens Mobility, Inc. is a corporation organized under the laws of the state of Delaware. (Laster Decl. ¶ 4). Siemens Mobility, Inc. has its principal place of business in New York, New York. (Laster Dec. ¶ 4). The "principal place of business" for purposes of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *See Hertz Corp. v. Friend*, 599, U.S. 77, 130 Sup. Ct. 1181, 1192 (2010). Siemens Mobility, Inc.'s operational headquarters are located in New York, New York and its officers direct, control and coordinate its activities from New York. (Laster Decl. ¶ 4). Further, for diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Defendant is a citizen of the State of Delaware, where it is incorporated, and a citizen of New York, where it has its principal place of business. *See Hertz Corp. v. Friend*, 599, U.S. 77, 80-81, 92-93 (2010). Thus, Defendant Siemens

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

NOTICE OF REMOVAL TO FEDERAL COURT

Mobility, Inc. is not a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

### C.  Defendant ACARA Solutions, Inc. is not a Citizen of California.

13. Plaintiff also named ACARA Solution, Inc. as a Defendant in this action. (Garcia Perez Dec., ¶ 2, Ex. A (Complaint ¶ 1, 6 and 7)). Defendant ACARA Solutions, Inc. is a corporation organized under the laws of the State of New York and has its principal place of business in the State of New York. This statement is made based on a search of ACARA Solution, Inc.'s web page and a search on the California Secretary of State web page. (Garcia Perez Dec. ¶¶ 6-7). Defendant ACARA Solutions, Inc. consents to the removal of this action and confirms that it is not a citizen of California in its Notice of Removal filed with this Court. (Garcia Perez Dec. ¶ 8).

### D.  Citizenship of DOE Defendants Should Be Disregarded.

14. There are no other identified defendants. Defendants "Does 1 through 10" are wholly fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

15. Accordingly, after disregarding the non-served Doe defendants, and given that Plaintiff is a citizen of California and Defendants are not citizens of California, diversity of citizenship exists in this case.

## VI.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidentiary showing is only required "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

17. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The Court must assume that the allegations of the Complaint are true and that a jury will return a

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.

NOTICE OF REMOVAL TO FEDERAL COURT

verdict in favor of Plaintiff on all claims asserted in the Complaint. *Id*.

18.     By demonstrating that the actual amount in controversy exceeds the $75,000.00 threshold, Defendant does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

**A.    Lost Wages and Benefits**

19.     Plaintiff alleges he was assigned to work at Defendant Siemens Mobility, Inc. starting on or about February 5, 2019 as a temporary employee through ACARA Solutions, Inc. (Garcia Perez Dec. ¶ 2, Ex. A (Complaint ¶¶ 1, 10-11). Plaintiff's last day of employment was on or about January 29, 2020. (Garcia Perez Dec., ¶ 2, Ex. A (Complaint ¶¶ 10, 13, 20).

20.     Plaintiff's Complaint includes one cause of action arising out of the end of his employment. He alleges that, as a result of Defendant's actions, he has "suffered and continues to suffer general, consequential, and special damages" including substantial losses in earnings [and] other employment benefits," which he sustained and continues to sustain. (Garcia Perez Dec., ¶ 2, Ex. A (Complaint ¶ 22; Prayer for Relief ¶ 1)). If Plaintiff prevails on his claims, he could recover the amount that he would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California Jury Instructions ("CACI") No. 2433 (2012); *James v. Childtime Childcare*, Inc., No. S-06-2676, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."); *Wise v. S. Pac. Co*. 1 Cal. 3d 600, 607 (1970).

21.     At the time his employment ended, Plaintiff was earning $18.89 per hour. (Laster Decl. ¶ 3). Plaintiff was a full time employee who worked an average of 40 hours per week, for an average of $755.60 per week. (Laster Decl. ¶ 3). Plaintiff alleges his employment was terminated on January 29, 2020. If he were to recover back wages from January 29, 2020 to the present, he could potentially recover back wages totaling approximately **$33,246.00** ($18.89 x 40 hours x 44 weeks). Moreover if this case proceeds to trial in October 2, 2021, one year from when it was filed, and Plaintiff remains unemployed, he may be seeking a total of about 88 weeks of lost wages, or approximately $**66,492.00** ($18.89 x 40 hours x 88 weeks).

22.     In addition, front pay awards in California frequently span a number of years.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.

NOTICE OF REMOVAL TO FEDERAL COURT

*Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 92 (1976) (four years front pay award). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional **$100,000.00** plus any bonuses and benefits. Thus, it may reasonably be estimated that Plaintiff's claims involve claims of back pay and front pay in an alleged amount well in excess of the threshold $75,000.00.

    **B.    Emotional Distress Damages**

23.    In addition to economic damages, Plaintiff seeks recovery of non-economic damages in connection with Defendant's alleged unlawful conduct for "physical sickness, as well as emotional distress." (Garcia Perez Dec., ¶ 2, Ex. A (Complaint ¶ 22)). Emotional distress damages may be considered in calculating the amount in controversy even if such damages are not clearly pleaded in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

24.    An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

25.    Further, in *Kroske v. US Bank Corp*. 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000.00** to the amount in controversy.

//

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

NOTICE OF REMOVAL TO FEDERAL COURT

### C. Punitive Damages

26. Plaintiff also seeks punitive damages. (Garcia Perez Dec., ¶ 2, Ex. A (Complaint ¶ 23)). Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV. CODE § 2394(a).

27. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, supra, 243 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, supra, 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil*, Co., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

### D. Plaintiff Seeks Open Ended Relief

28. Plaintiff also seeks open-ended relief for "such other and further relief as this Court deems just and proper." (Garcia Perez Dec., ¶ 2, Ex. A (Complaint at p. 6, Prayer for Relief No. 6)). Although uncertain in amount, these additional damage claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8.

NOTICE OF REMOVAL TO FEDERAL COURT

all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000.)

### E. Attorney's Fees

29. Plaintiff's Complaint also includes a claim for attorney's fees for his FEHA claim. (Garcia Perez Dec., ¶ 2, Ex. A (Complaint at p. 6, Prayer for Relief ¶ 5).

30. Attorneys' fees recoverable by statute are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount of controversy where potentially recoverable by statute). Courts may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail on his claims. *Id.* at 1155–56; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (where an underlying statute authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy).

31. Attorneys' fees awards in employment matters often exceed $75,000.00. *See, e.g., Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $891,042); *Akers v. County of San Diego*, 95 Cal. App.4th 1441 (2002) (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, 2001 WL 1860540 (Cal. Sup. Ct.) ($114,484 attorneys' fees awarded in discrimination case brought under the FEHA); *Kohn v. County of Los Angeles*, 2001 WL 1720226 (awarding $161,700 in attorneys' fees in FEHA discrimination case). In this case, attorneys' fees alone could easily reach or exceed $75,000.00 given that Plaintiff's cause of action entitles the Plaintiff to an attorney's fees award.

32. In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs. Accordingly, Defendant has carried the burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum. This Court, therefore, has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.

NOTICE OF REMOVAL TO FEDERAL COURT

of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VII. NOTICE TO COURT AND PARTIES

33. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Sacramento.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

Dated: November 25, 2020

/s/ YESENIA GARCIA PEREZ
GREGORY G. ISKANDER
YESENIA GARCIA PEREZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SIEMENS MOBILITY INC.

4848-5561-3650.3 067219.1082

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10.

NOTICE OF REMOVAL TO
FEDERAL COURT