# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
10/27/2020
CT Log Number 538468784

| | |
|---|---|
| **TO:** | Stephanie Mitchell<br>Siemens Energy & Automation, Inc.<br>800 North Point Parkway, Suite 450<br>Alpharetta, GA 30005-4499 |
| **RE:** | **Process Served in California** |
| **FOR:** | Siemens Mobility, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TOMMY CANTERBERRY, ETC., PLTF. vs. ACARA SOLUTIONS, INC., ETC., ET AL., DFTS. // TO: SIEMENS MOBILITY, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 34202000286414 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/27/2020 at 01:42 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/27/2020, Expected Purge Date: 11/01/2020<br><br>Image SOP<br><br>Email Notification,  Stephanie Mitchell  stephanie.mitchell@siemens.com<br><br>Email Notification,  Service Of Process Legal Department  serviceofprocess.legaldepartment.us@siemens.com<br><br>Email Notification,  Skip Lockard  skip.lockard@siemens.com<br><br>Email Notification,  Doreen Poole  doreen.poole@siemens.com<br><br>Email Notification,  Shawn Dorvit  shawn.dorvit@siemens.com<br><br>Email Notification,  Richard O'Connor  richard.oconnor@siemens.com<br><br>Email Notification,  Nicholas Bruno  nicholas.bruno@siemens.com<br><br>Email Notification,  Scott Slater  Scott.slater@siemens.com<br><br>Email Notification,  Barbara Kotick  barbara.kotick@siemens.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process Transmittal**
10/27/2020
CT Log Number 538468784

| | |
|---|---|
| **TO:** | Stephanie Mitchell<br>Siemens Energy & Automation, Inc.<br>800 North Point Parkway, Suite 450<br>Alpharetta, GA 30005-4499 |
| **RE:** | **Process Served in California** |
| **FOR:** | Siemens Mobility, Inc.  (Domestic State: DE) |

Email Notification,  Shane Kawka  shane.kawka@siemens.com

Email Notification,  Tamika Lynch  tamika.lynch@siemens.com

| | |
|---|---|
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 2 of  2 / ND

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**  Tue, Oct 27, 2020

**Server Name:**  Jim Sands

| | |
|---|---|
| Entity Served | SIEMENS MOBILITY, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 34-2002-00286414 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ACARA SOLUTIONS, INC., a New York business organization;
Additional Parties Form Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Tommy Canterberry, as an individual

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**Superior Court Of California,**
**Sacramento**
**10/13/2020**
**cleurgans**
**By** _____ **, Deputy**
**Case Number:**
**34-2020-00286414**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Sacramento, Hall of Justice Building, 720 9th Street, Room 102, Sacramento, California 95814

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, 350 South Grand Avenue, Suite 3350 Los Angeles, California 90071, (213) 927-3700

**DATE:** OCT 13 2020          **Clerk, by** _____ , **Deputy**
*(Fecha)*                       *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Siemens Mobility, Inc., a Delaware business organization

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Canterberry v. Acara Solutions Inc, et al | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SIEMENS MOBILITY, INC., a Delaware business organization; and DOES 1 through 10, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

1  Neama Rahmani (State Bar No. 223819)
   Ronald L. Zambrano (State Bar No. 255613)
2    *ron@westcoasttriallawyers.com*
   Sheena B. Tehrani (State Bar No. 326373)
3    *sheena@westcoasttriallawyers.com*
   WEST COAST EMPLOYMENT LAWYERS, APLC
4  350 South Grand Avenue, Suite 3350
   Los Angeles, California 90071
5  Telephone: (213) 927-3700
   Facsimile: (213) 927-3701
6  Efilings@westcoasttriallawyers.com
7
8  Attorneys for Plaintiff
   TOMMY CANTERBERRY
9

FILED.
Superior Court Of California,
Sacramento
10/02/2020
cleurgans
By_____, Deputy
Case Number:
34-2020-00286414

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF SACRAMENTO

12

13  TOMMY CANTERBERRY, as an          Case No.:
    individual,
14
               Plaintiff;            **COMPLAINT FOR DAMAGES**
15
         v.
16
    ACARA SOLUTIONS, INC., a New York   1)  WRONGFUL TERMINATION IN VIOLATION OF
17  business organization; SIEMENS          GOVERNMENT § 12952 (FAIR CHANCE ACT)
    MOBILITY, INC., a Delaware business
18  organization; and DOES 1 through 10,
    inclusive,
19
               Defendants.
20                                       **DEMAND FOR JURY TRIAL**
21

22

23          COMES NOW the Plaintiff, TOMMY CANTERBERRY, (who hereinafter shall be referred

24  to as the "Plaintiff" or as "CANTERBERRY"), who hereby respectfully alleges, avers, and

    complains, as follows:
25

26  //

27  //

28  //

_____
          COMPLAINT AND DEMAND FOR JURY TRIAL

1                                    **INTRODUCTION**

2

3  1.    This is an action brought by the Plaintiff, TOMMY CANTERBERRY, pursuant to California

4        statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendants, ACARA

5        SOLUTIONS, INC., (hereinafter referred to as "ACARA"), and SIEMENS MOBILITY,

6        INC., (hereinafter referred to as "SIEMENS"), at all times herein mentioned.

7

8  2.    Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct

9        by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on

10       the basis that Defendants violated such statutes, decisional law, and regulations.

11

12                              **JURISDICTION AND VENUE**

13

14  3.   Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and

15       regulations, and the local rules under the Sacramento County Superior Court Rules.

16

17  4.   Venue in this Court is proper in that Defendants ACARA and SIEMENS have each registered

18       with the State of California as a foreign corporation, and each regularly does business in

19       California and employs California citizens.

20

21                                       **PARTIES**

22

23  5.   At all times herein mentioned Plaintiff, TOMMY CANTERBERRY, is and has been a

24       resident of Sacramento County, State of California.

25

26  6.   Defendants, ACARA, is and at all times herein mentioned has been a New York corporation

27       registered with the State of California, with the capacity to sue and to be sued, and doing

28       business, in the state of California.

                                             2
                        ─────────────────────────────────────────

7.   Defendants, SIEMENS, is and at all times herein mentioned has been a Delaware corporation registered with the State of California, with the capacity to sue and to be sued, and doing business, in the state of California.

8.   Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment.  Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

9.   The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

10.  Plaintiff was hired by SIEMENS in or about February 5, 2019 as a temporary Welder through ACARA.

11.  In or around February 2019, Plaintiff passed a background check prior to joining SIEMENS as a temporary Welder.

12.  In or around January 2020, Plaintiff underwent a second background check with SIEMENS to obtain a permanent position.  SIEMENS claimed that there was new information in the

3

COMPLAINT AND DEMAND FOR JURY TRIAL

1    background check.  ACARA also suspended its contract with Plaintiff.

2

3   13.   Plaintiff was terminated on January 29, 2020.

4

5   14.   Defendants terminated Plaintiff because of a felony conviction Plaintiff had in 2018 without

6         any efforts in obtaining any explanatory information from the Plaintiff regarding said

7         conviction.

8

9   15.   Plaintiff has timely filed a Complaint of Discrimination with the Department of Fair

10        Employment and Housing and obtained a Right to Sue letter dated April 10, 2020.  Plaintiff

11        also filed an amended Right to Sue letter dated April 13, 2020.  As such, Plaintiff has

12        exhausted his administrative remedies to pursue claims under the Fair Employment and

13        Housing Act ("FEHA").

14

15                       **FIRST CAUSE OF ACTION**

16          **(Wrongful Termination in Violation of Government Code §12952)**

17                **(Criminal History Discrimination)**

18              **(CANTERBERRY Against All Defendants)**

19

20   16.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

21

22   17.   Defendant is a business entity regularly employing at least the minimum number of

23        employees upon which certain legal duties and obligations arise under various laws and

24        statutes, including the FEHA. At all times herein mentioned in this complaint, Government

25        Code §12900 were in full force and effect and were binding on the Defendants and the

26        Defendants were subject to their terms.

27   //

28   //

4

COMPLAINT AND DEMAND FOR JURY TRIAL

18. Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging inter alia violations of Government Code §12952, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

19. Under the Fair Employment Housing Act, after an employer offers a candidate a job, employers can conduct a criminal history check. Cal. Gov. Code § 12952. If the employer intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history, the employer must make an individualized assessment about a candidate's conviction history. Cal. Gov. Code § 12952(c)(1). This means that an employer cannot take back the job offer without considering the nature and gravity of the criminal history, the time that has passed since the conviction, and the nature of the job sought. Cal. Gov. Code § 12952(c)(2). If the employer decides to take back the job offer based on a candidate's criminal history, the employer must tell the candidate in writing, provide a copy of any conviction history report the employer relied on, and give the candidate at least five business days to respond. Cal. Gov. Code § 12952(c)(3). The employer must consider the information the applicant submitted before making a final decision. Cal. Gov. Code § 12952(c)(4).

20. Plaintiff was hired by SIEMENS in or about February 5, 2019 as a Welder through ACARA. Plaintiff was terminated on January 29, 2020. Defendants terminated Plaintiff because of a felony conviction Plaintiff had in 2018.

21. Defendants failed to take the necessary steps in accordance with the § 12952, when learning of Plaintiff's conviction. Specifically, in or around January 29, 2020, Defendants informed Plaintiff not to show up to work that day. An on-site representative for ACARA, Kathleen (last name unknown), called Plaintiff stating Plaintiff's contract with ACARA was suspending pending an investigation into his background check, claiming something new

1    appeared.  Plaintiff was terminated that same day.

2

3    22.   As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered

4          and continues to suffer general, consequential, and special damages, including but not limited

5          to substantial losses in earnings, other employment benefits, physical injuries, physical

6          sickness, as well as emotional distress, plus medical expenses, future medical expenses, and

7          attorneys' fees, all to his damage in the amount according to proof.

8

9    23.   Said actions justify the imposition of punitive damages in that Defendants committed the acts

10         alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of

11         injuring Plaintiff, from an improper and evil motives amounting to malice, and in conscious

12         disregard of Plaintiff's rights.  Based upon the foregoing, Plaintiff is entitled to recover

13         punitive damages from Defendants, and each of them, in an amount according to proof.

14

15                                        **PRAYER**

16

17   1.    For damages according to proof, including loss of earnings, deferred compensation, overtime

18         and other employment benefits;

19

20   2.    For general damages, according to proof;

21

22   3.    For other special damages according to proof, including but not limited to reasonable medical

23         expenses;

24

25   4.    For prejudgment interest on lost wages and benefits;

26

27   5.    For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in

28         obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights through the

                                             6
                          COMPLAINT AND DEMAND FOR JURY TRIAL

1    Fair Employment & Housing Act, as set forth above; and

2

3    6.    For such other and further relief as the court deems just and proper.

4

5

6    Dated: October 1, 2020                    WEST COAST EMPLOYMENT LAWYERS, APLC

7

8

9                                    By: _____
                                          Ronald L. Zambrano, Esq.
10                                        Sheena B. Tehrani, Esq.
                                          Attorneys for Plaintiff
11                                        TOMMY CANTERBERRY

12

                              **DEMAND FOR JURY TRIAL**
13

14

15        Plaintiff hereby demands trial by jury.

16

17   Dated: October 1, 2020                    WEST COAST EMPLOYMENT LAWYERS, APLC

18

19                                   By: _____
                                          Ronald L. Zambrano, Esq.
20                                        Sheena B. Tehrani, Esq.
                                          Attorneys for Plaintiff
21                                        TOMMY CANTERBERRY

22

23

24

25

26

27

28

                                          7
                        COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT B

RECEIVED
CIVIL DROP BOX

1    GREGORY G. ISKANDER, Bar No. 200215
     YESENIA GARCIA PEREZ, Bar No. 264880
2    LITTLER MENDELSON, P.C.
     Treat Towers
3    1255 Treat Boulevard, Suite 600
     Walnut Creek, CA 94597
4    Telephone:    925.932.2468
     Fax No.:      925.946.9809

2020 NOV 24   PM 1:44

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

5

6    Attorneys for Defendant
     SIEMENS MOBILITY INC.

7

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10    TOMMY CANTERBERRY, as an
      individual,
11

                Plaintiff,
12

13         v.

14    ACARA SOLUTIONS, INC., a New York
      business organization; SIEMENS
15    MOBILITY INC., a Delaware business
      organization; and DOES 1-10, inclusive,

16               Defendant.

Case No. 34-2020-002-86414

**DEFENDANT SIEMENS MOBILITY,
INC.'S ANSWER TO PLAINTIFF TOMMY
CANTERBERRY'S COMPLAINT**

17

18

19

20

21

22

23

24

25

26

27

28

BY FAX

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  Defendant SIEMENS MOBILITY INC. ("Defendant") hereby responds to the
2  unverified Complaint ("Complaint") filed by TOMMY CANTERBERRY ("Plaintiff") as follows:

3  **GENERAL DENIAL**

4  Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies,
5  generally and specifically, each and every allegation contained in the Complaint, and denies the
6  Complaint as a whole as it relates to Defendant. Defendant further denies, generally and specifically,
7  that Plaintiff has been injured in any amount by reason of any act or omission of Defendant or by
8  anyone acting on Defendant's behalf or at their direction.

9  Without waiving or excusing any of Plaintiff's own burdens of proof and production
10  of evidence, Defendant alleges the following separate and distinct affirmative defenses to each of the
11  purported causes of action set forth in the Complaint, and reserves the right to assert additional
12  affirmative defenses in the future:

13  **AFFIRMATIVE DEFENSES**

14  **FIRST AFFIRMATIVE DEFENSE**

15  **(Failure to State a Claim)**

16  1.  As a separate and distinct affirmative defense, Defendant alleges that the
17  Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief
18  may be granted and/or fails to state facts sufficient to constitute a valid cause of action against
19  Defendant.

20  **SECOND AFFIRMATIVE DEFENSE**

21  **(Waiver)**

22  2.  As a separate and distinct affirmative defense, Defendant alleges that the
23  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the
24  equitable doctrine of waiver.

25  **THIRD AFFIRMATIVE DEFENSE**

26  **(Estoppel)**

27  3.  As a separate and distinct affirmative defense, Defendant alleges that the
28  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  equitable doctrine of estoppel.

2  **FOURTH AFFIRMATIVE DEFENSE**

3  **(Laches)**

4      4.      As a separate and distinct affirmative defense, Defendant alleges that the

5  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the

6  equitable doctrine of laches.

7  **FIFTH AFFIRMATIVE DEFENSE**

8  **(Unclean Hands)**

9      5.      As a separate and distinct affirmative defense, Defendant alleges that the

10  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the

11  equitable doctrine of unclean hands.

12  **SIXTH AFFIRMATIVE DEFENSE**

13  **(Equitable Consent)**

14      6.      As a separate and distinct affirmative defense, Defendant alleges that the

15  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the

16  equitable doctrine of consent.

17  **SEVENTH AFFIRMATIVE DEFENSE**

18  **(Statute of Limitations)**

19      7.      As a separate and distinct affirmative defense, Defendant alleges that the

20  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the

21  applicable statutes of limitations, including, but not limed to, Government Code Section 12965.

22  **EIGHTH AFFIRMATIVE DEFENSE**

23  **(Legitimate Bases for Employment Decision)**

24      8.      As a separate and distinct affirmative defense, Defendant alleges that

25  employment decisions regarding Plaintiff were made for legitimate, non-discriminatory reasons.

26  **NINTH AFFIRMATIVE DEFENSE**

27  **(No Violation of Public Policy)**

28      9.      As a separate and distinct affirmative defense, Defendant alleges, that the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, because Plaintiff never experienced any wrongful employment action by Defendant, and Defendant committed no violation of public policy.

**TENTH AFFIRMATIVE DEFENSE**

**(Did Not Contravene Established Public Policy)**

10.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, because Defendant did not contravene any established public policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Business Necessity, Lawful Business Reasons, And/Or Legitimate Business Purpose)**

11.     As a separate and distinct affirmative defense, Defendant alleges, without admitting that it engaged in any of the acts or omissions alleged in the Plaintiff's Complaint, that any such acts or omissions were undertaken by reason of business necessity, for lawful business reasons, and/or for legitimate business purposes which were necessary to the efficient operation of the business.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Defendant Acted In Good Faith And With Good Cause)**

12.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action for relief set forth therein, is barred in whole or in part, because good cause existed for each and every action taken by Defendant with respect to Plaintiff's application and Defendant acted reasonably and in good faith at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Outside Course And Scope)**

13.     As a separate and distinct affirmative defense, Defendant allege that the Complaint, and each cause of action for relief set forth therein, is barred because, assuming *arguendo* that any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant and/or Defendant did not know nor should it have known of such conduct.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (No Notice Or Knowledge))

3          14.     As a separate and distinct affirmative defense, Defendant alleges that the

4   Complaint, and each cause of action for relief set forth therein, is barred because Defendant had no

5   notice or knowledge of any alleged discriminatory, retaliatory, or unlawful conduct toward Plaintiff.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

### (Damages Or Loss Proximately Caused By Plaintiff)

8          15.     As a separate and distinct affirmative defense, Defendant alleges that any

9   damage or loss sustained by Plaintiff was proximately caused by Plaintiff's own actions or inactions.

10

## SIXTEENTH AFFIRMATIVE DEFENSE

11

### (Failure To Mitigate)

12          16.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

13   is barred from obtaining any recovery against Defendant by reason of his failure to mitigate his alleged

14   damages, if any, or, alternatively, any damages relief awarded to Plaintiff must be reduced or limited

15   to the extent of such failure to mitigate.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

17

### (Emotional Distress Caused By Other Factors)

18          17.     As a separate and distinct affirmative defense, Defendant allege that the

19   Complaint and each cause of action set forth therein, is barred in whole or in part because assuming

20   *arguendo* that Plaintiff suffered any emotional distress (which Defendant denies), such emotional

21   distress was proximately caused by factors other than the actions of Defendant or anyone acting on its

22   behalf or in its employ.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24

### (Failure To State A Claim For Punitive Or Exemplary Damages)

25          18.     As a separate and distinct affirmative defense, Defendant alleges that the

26   Complaint fails to state a claim for punitive or exemplary damages.

27   ///

28   ///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

19.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Knowledge Justifying Punitive Damages)

20.      As a separate and distinct affirmative defense, Defendant alleges that, without admitting any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claim for punitive damages is barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, fraud, or malice on the part of an officer, director, or managing agent of the corporation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Unlawful Policy)

21.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Plaintiff's Employer)

22.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

was not employed by Defendant, and even if Plaintiff was employed by Defendant, pursuant to the terms and conditions of employment, employment was terminable at-will, by either party, with or without cause.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

23.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to amend or supplement the affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses.

### PRAYER

WHEREFORE, Defendant prays for judgment in Defendant's favor and against Plaintiff as follows:

1.     That the Complaint be dismissed in its entirety with prejudice;

2.     That Plaintiff take nothing by virtue of this action;

3.     That judgment be entered in favor of Defendant;

4.     That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem proper.

Dated:     November 24, 2020

GREGORY G. ISKANDER
YESENIA GARCIA PEREZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SIEMENS MOBILITY INC.

4828-9353-1602.1 067219.1082

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

RECE
POS-050/EFS-050
CIVIL FOR COURT USE ONLY BOX

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 200215; 264880 |
| NAME: GREGORY G. ISKANDER; YESENIA GARCIA PEREZ |
| FIRM NAME: LITTLER MENDELSON, P.C. |
| STREET ADDRESS:1255 Treat Boulevard, Suite 600 |
| CITY:  Walnut Creek                STATE: CA      ZIP CODE:94597 |
| TELEPHONE NO.: 925.932.2468        FAX NO.: 925.946.9809 |
| E-MAIL ADDRESS: GIskander@littler.com; YGarciaPerez@littler.com |
| ATTORNEY FOR (name): Defendant SIEMENS MOBILITY INC. |

2020 NOV 24  PM 1: 44

GSSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SACRAMENTO
720 9th Street, Room 102
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:Sacramento, 95814
BRANCH NAME: Hall of Justice Building

PLAINTIFF/PETITIONER: TOMMY CANTERBERRY

DEFENDANT/RESPONDENT:ACARA SOLUTIONS, INC.; SIEMENS MOBILITY INC.

**PROOF OF ELECTRONIC SERVICE**

| CASE NUMBER: |
| 34-2020-002-86414 |

JUDICIAL OFFICER:

DEPARTMENT:

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*
1255 Treat Boulevard, Suite 600, Walnut Creek, CA 94597

    b.  My electronic service address is *(specify):*
mkenner@littler.com

2.  I electronically served the following documents *(exact titles):*
DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF TOMMY CANTERBERRY'S COMPLAINT

☐   The documents served are listed in an attachment.  *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:
    a.  Name of person served: SEE ATTACHED

       On behalf of *(name or names of parties represented, if person served is an attorney):*
SEE ATTACHED

    b.  Electronic service address of person served *:*
SEE ATTACHED

    c.  On *(date):* November 24, 2020

       ☐   The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
*(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: November 24, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Monique Kenner                                                    ▶ /s/ Monique Kenner
_____                    _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

Page 1 of 1

BY FAX

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]
**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**
Cal. Rules of Court, rule 2.251
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-050(P)/EFS-050(P)

| SHORT TITLE:<br>TOMMY CANTERBERRY v. ACARA SOLUTIONS, INC.; SIEMENS MOBILITY INC., et al. | CASE NUMBER:<br>34-2020-002-86414 |
|---|---|

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
### NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:

| Name of Person Served<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | Electronic Service Address | Date of Electronic Service |
|---|---|---|
| Neama Rahman<br>Ronald L. Zambran<br>Sheena B. Tehrani<br><br>Attorneys for Plaintiff, TOMMY CANTERBERRY | ron@westcoasttriallawyers.com;<br>sheena@westcoasttriallawyers.com | Date: 11/24/20 |
| John L. Barber<br>Speros G. Mantas<br><br>Attorneys for Defendant, ACARA SOLUTIONS, INC. | John.Barber@lewisbrisbois.com<br>Speros.Mantas@lewisbrisbois.com | Date: 11/24/20 |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |

Form Approved for Optional Use
Judicial Council of California
POS-050(P)/EFS-050(P)
[Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)**
**(Proof of Service/Electronic Filing and Service)**

Page 1 of 1


American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT C

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   JOHN L. BARBER, SB# 160317
2     E-Mail: John.Barber@lewisbrisbois.com
   SPEROS G. MANTAS, SB# 328195
3     E-Mail: Speros.Mantas@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant ACARA SOLUTIONS,
   INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SACRAMENTO

10

11 | THOMAS CANTERBERRY, as an | Case No. 34-2020-00286414 |
   | individual, | |
12 | | **DEFENDANT ACARA SOLUTIONS,** |
   | Plaintiff, | **INC.'S ANSWER TO COMPLAINT** |
13 | | |
   | vs. | Action Filed:      10/13/2020 |
14 | | FSC Date:          None Set |
   | ACARA SOLUTIONS, INC., a New York | Trial Date:        None Set |
15 | business organization; SIEMENS | |
   | MOBILITY, INC. a Delaware business | |
16 | organization; and DOES 1 through 10, | |
   | inclusive, | |
17 | | |
   | Defendants. | |
18 | | |

19        COMES NOW the defendant, ACARA SOLUTIONS, INC. (hereinafter "Defendant"),

20 answering the Complaint (hereinafter "Complaint") of Plaintiff, THOMAS CANTERBERRY

21 (hereinafter "Plaintiff"), on file herein and admit, deny, and allege as follows:

22                          **GENERAL DENIAL**

23        1.      Under the provisions of section 431.30 of the California Code of Civil Procedure,

24 Defendant denies each, every, and all of the allegations of the Complaint, and the whole thereof,

25 and denies that Plaintiff has sustained damages in the sum alleged, or in any other sum, or at all.

26        2.      Further answering Plaintiff's Complaint, and the whole thereof, Defendant denies

27 that Plaintiff has sustained any injury, damage or loss by reasons of any act or omissions or

28 negligence on the part of the answering Defendant or its agents or employees.



4837-5099-7714.1                          1
DEFENDANT ACARA SOLUTIONS, INC.'S ANSWER TO COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

3.      Neither the Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(No Actual Injury)**

4.      Plaintiff did not suffer an actual injury and therefore cannot recover damages.

**THIRD AFFIRMATIVE DEFENSE**

**(No Regular Business Practice)**

5.      Plaintiff's Complaint fails to establish a regular business practice or unlawful pattern of conduct by Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff Did Not Sustain Any Damages)**

6.      Defendant is informed and believes and thereon alleges that Plaintiff's claim for prejudgment interest pursuant to Civil Code section 3288 is barred because Plaintiff sustained no damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

7.      Defendant is informed and believes and thereon alleges that Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions and conduct of Defendant and its agents and employees.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality)**

8.      The Complaint seeks damages not properly recoverable against Defendant nor constitutional.

/ / /

/ / /

2

DEFENDANT ACARA SOLUTIONS, INC.'S ANSWER TO COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

9.     Plaintiff has a duty to use such means as are reasonable under the circumstances to avoid or minimize the damages that result from statutory violations (if any).  To the extent there was any statutory violation (which is not admitted but considered solely for purposes of this affirmative defense), Plaintiff unreasonably failed to avoid or reduce harm.  This includes Plaintiff's obligation to utilize Defendant's internal complaint procedures and timely bring that to the attention of a supervisor and Defendant's management so that if there was any violation, it would be promptly corrected and remedied.  Plaintiff is therefore barred from any recovery based on any harm that could have been reasonably avoided.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

10.     Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that he may have had against Defendant arising from the transactions and occurrences set forth in the Complaint.  Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would constitute a waiver, which would allow Defendant to assert the equitable remedy of waiver at the time of trial. Defendant further allege that Plaintiff may have consented to and/or waived any and all rights he may have had relative to the matters alleged in the Complaint by failing, refusing and neglecting to properly perform her obligations thereunder and by undertaking other conduct, the exact nature of which will be inserted herein by amendment or proved at the time of trial. Plaintiff is barred in whole or in part because such claims have been waived, discharged, abandoned, and/or released.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

11.     Plaintiff's Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

12.     Defendant is informed and believes and thereon alleges that Plaintiff is estopped by Plaintiff's own conduct from asserting any and all claims Plaintiff may have had against Defendant arising from the transactions and occurrences set forth in the Complaint.  Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendant to assert the equitable remedy of estoppel at the time of trial.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Satisfaction of Claim)**

13.     Plaintiff is entirely, or alternatively, partially, barred from recovery in this action to the extent that he has received consideration from Defendant or from anyone else in satisfaction of any purported claim against Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Immunity)**

14.     Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, are barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time and are therefore immune from any liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

15.     Defendant is informed and believes and thereon alleges that Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and exhaust administrative remedies under the California Labor Code, and/or any applicable administrative remedy.  Defendant is informed and believes and thereon alleges that all causes of action within the Complaint are barred because Plaintiff has failed to satisfy the statutory prerequisites to sue

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-5099-7714.1                                    4
DEFENDANT ACARA SOLUTIONS, INC.'S ANSWER TO COMPLAINT

1   and to exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"),

2   Government Code sections 12940, et seq. or the Equal Employment Opportunity Commission

3   ("EEOC"), and/or any other applicable administrative remedy.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

16.     Plaintiff's claims as set forth in the Complaint are barred by the equitable doctrine

of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

17.     Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is

barred, in its entirely, by the Doctrine of Unclean Hands.  Defendant may learn facts in written

discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct

caused or contributed to the allegations set forth in the Complaint, which would allow Defendant

to assert the equitable remedy of unclean hands at the time of trial.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Entitlement to Punitive Damages)

18.     Defendant is informed and believes and thereon alleges that the Complaint, and

each and every cause of action set forth therein alleged against Defendant, fails to state facts

sufficient to recover punitive or exemplary damages or to show that Defendant was guilty of

malice, oppression or fraud as required by Code of Civil Procedure section 3294.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Malice, Fraud, Oppression)

19.     Defendant is informed and believes and thereon alleges that its actions were not

willful, malicious, fraudulent, oppressive, intentional, or tortious and Plaintiff's claim is not

authorized pursuant to Civil Code section 3294.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Procedural Due Process)

20.     Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages,



violates the rights of Defendant to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

21.    Defendant is informed and believes and thereon alleges that Plaintiff's damages, if any, were caused by Plaintiff's intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Indemnification)

22.    Defendant is informed and believes and thereon alleges that all of the acts and/or omissions alleged in the Complaint were solely, entirely, and fully those of other Defendant(s) and/or parties named or unnamed herein other than Defendant, and that therefore such parties are fully and solely liable to Plaintiff and that Defendant are entitled to total or complete indemnification from such parties, including, but not limited to, any and all damages, costs, and attorney's fees that may be sustained as a result of Plaintiff's claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

23.    Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statutes of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith Belief)

24.    Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Proximate Cause)

25. The alleged damages of Plaintiff was not proximately caused by an unlawful policy, custom, practice or procedure promulgated by Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (At-Will Employment - Labor Code § 2922)

26. Defendant alleges upon information and belief that Plaintiff was an "at-will" employee, as defined by California Labor Code section 2922 and that, accordingly, Plaintiff was subject to termination at any time, with or without cause.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Breach of Duties)

27. Plaintiff's claims are barred, in whole or in part, by his own breach of the duties owed to Defendant under California Labor Code sections 2856, 2857, 2858 and 2859.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason/Business Justification)

28. Defendant's activities undertaken with respect to Plaintiff were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious nor unlawful.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

29. If Plaintiff suffered any damages as a result of the facts alleged in the Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Privileges)

30. Defendant is entitled to all privileges available to it to the extent provided by the California *Civil Code*. Defendant's conduct with regard to Plaintiff was privileged, justified, and


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   in good faith.

2   ## TWENTY-NINTH AFFIRMATIVE DEFENSE

3   ### (Speculative Damages)

4       31.    Plaintiff is precluded from recovering the damages alleged in the Complaint

5   because those damages are too vague, uncertain, and speculative to permit recovery.

6   ## THIRTIETH AFFIRMATIVE DEFENSE

7   ### (Ratification)

8       32.    Defendant is informed and believes and thereon alleges that Plaintiff and/or any

9   agents of Plaintiff, at all times, ratified the acts, purported omissions, representations, and/or other

10  conduct of Defendant as alleged in Plaintiff's Complaint.

11  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

12  ### (Discretionary Acts)

13      33.    Defendant alleges that any and all conduct of which Plaintiff complains and which

14  is attributed to Defendant or its agents or employees was a just and proper exercise of

15  management's discretion on the part of Defendant and its agents or employees, and was

16  undertaken for a fair and honest reason and regulated by good faith under the circumstances

17  existing at all times mentioned in Plaintiff's Complaint.

18  ## THIRTY-SECOND AFFIRMATIVE DEFENSE

19  ### (Mixed-Motive)

20      34.    At the time Plaintiff was terminated, there existed legitimate reasons to terminate

21  Plaintiff which, standing alone, would have induced Defendant to make the same decision to

22  terminate Plaintiff's employment.  Therefore, Plaintiff is precluded from recovery of

23  reinstatement, back pay, or damages because of the mixed motive doctrine. (*Harris v. City of*

24  *Santa Monica* (2013) 56 Cal.4th 203, 232.)

25  ## THIRTY-THIRD AFFIRMATIVE DEFENSE

26  ### (Lack of Pretext)

27      35.    Defendant alleges that Plaintiff cannot establish that Defendant's articulated reason

28  for Plaintiff's separation from employment was a pretext for unlawful violation of public policy.



## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Public Policy)

36.     Defendant is informed and believes and thereon alleges that Plaintiff's purported cause of action for wrongful termination in violation of Government § 12952 (Fair Chance Act) fails to state facts sufficient to constitute a cause of action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Wrongful Termination)

37.     Defendant is informed and believes and thereon alleges that Plaintiff's purported causes of action for wrongful termination in violation of Government § 12952 (Fair Chance Act) fails as Plaintiff cannot establish a prima facie case of wrongful termination.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Adverse Employment Action)

38.     Plaintiff's causes of action are barred in that Plaintiff suffered no adverse employment action during Plaintiff's employment.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

39.     Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has suffered no irreparable injury based upon any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Tangible Loss of Benefits)

40.     Plaintiff's Complaint, and each purported cause of action therein, are barred because Plaintiff did not suffer any tangible loss of employment benefits as a direct and proximate result of the alleged conduct by Defendant.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

41.     Defendant is informed and believes and thereon alleges that Plaintiff's Complaint and the purported cause of action therein was not brought in good faith and is frivolous. Therefore,


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  the relief requested is precluded and Defendant is entitled to recover its reasonable expenses,

2  including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent

3  authority and California Code of Civil Procedure section 128.7.

4  **FORTIETH AFFIRMATIVE DEFENSE**

5  **(Superseding, Intervening Conduct of Third Parties)**

6      42.     Should Defendant be found liable for any damages claimed by Plaintiff, which

7  Defendant specifically denies, Defendant alleges that such damages were proximately caused

8  and/or contributed to by parties other than Defendant, whether served or not served in this case,

9  and/or by other persons or entities not presently parties to this action.  It is necessary that the

10  proportionate degree of negligence, fault, and/or legal responsibility of each and every person or

11  entity be determined and prorated and that any judgment that may be rendered against Defendant

12  be reduced not only by the degree of negligence, fault or other legal responsibility attributable to

13  Plaintiff, but by the total of that degree of negligence, fault and/or other legal responsibility found

14  to exist as to other person(s) and/or entities as well.

15  **FORTY-FIRST AFFIRMATIVE DEFENSE**

16  **(Comparative Negligence of Third Parties)**

17      43.     Should Defendant be found liable for any damages claimed by Plaintiff which was

18  caused and/or contributed to by parties other than this answering Defendant, whether served or not

19  served in this case, and/or other persons or entities not presently parties to this action, the

20  proportionate degree of negligence, fault, and/or legal responsibility of each and every person or

21  entity must be determined and prorated and any judgment which may be rendered against this

22  answering Defendant must be reduced not only by the degree of negligence, fault or legal

23  responsibility attributable to Plaintiff, but also by the total of that degree of negligence, fault

24  and/or other legal responsibility found to exist as to the other parties, persons and/or entities as

25  well.

26  **FORTY-SECOND AFFIRMATIVE DEFENSE**

27  **(FEHA Notice)**

28      44.     Defendant is informed and believes and thereon alleges that Plaintiff's claims for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 relief pursuant to the FEHA are barred because Defendant had no notice of any alleged violation

2 thereof.

3 **FORTY-THIRD AFFIRMATIVE DEFENSE**

4 **(Arbitration Agreement)**

5      45.    The Complaint as a whole, and each purported cause of action alleged therein, is

6 barred in whole or in part to the extent that Plaintiff or other employees signed legally valid

7 agreements to arbitrate any dispute, claim or controversy arising out of their employment.

8 Defendant is ascertaining whether or not such arbitration agreements exist.

9 **FORTY-FOURTH AFFIRMATIVE DEFENSE**

10 **(Unknown Defenses)**

11      46.    Defendant alleges that if, and to the extent that Defendant may be entitled to further

12 defenses of which it is presently unaware, it reserves the right to amend this answer to plead such

13 additional and further affirmative defenses as they become known.

14    / / /

15

16    / / /

17

18    / / /

19

20    / / /

21

22    / / /

23

24    / / /

25

26    / / /

27

28    / / /



1

## **PRAYER FOR RELIEF**

2        WHEREFORE, Defendant prays for judgment that:

3            1.        Plaintiff takes nothing by reason of the Complaint on file herein or any of

4   Plaintiff's purported claims for relief;

5            2.        The Complaint be dismissed with prejudice in its entirety;

6            3.        Judgment be entered in favor of Defendant and against Plaintiff on all

7   claims for relief;

8            4.        Defendant be awarded its reasonable attorneys' fees and costs of the suit

9   incurred herein;

10           5.        The Court award Defendant such other and further relief as it deems just

11  and proper.

12

13  DATED:  November 23, 2020               LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15                                          By: _____

16                                          SPEROS G. MANTAS
                                            Attorneys for Defendant ACARA SOLUTIONS,
17                                          INC.

18

19

20

21

22

23

24

25

26

27

28



DEFENDANT ACARA SOLUTIONS, INC.'S ANSWER TO COMPLAINT

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Tommy Canterberry v Acara Solutions, Inc., et al.

2
Case No. 34-2020-00286414

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          At the time of service, I was over 18 years of age and not a party to this action.  My
business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

6          On November 23, 2020, I served true copies of the following document(s):  DEFENDANT
ACARA SOLUTIONS, INC.'S ANSWER TO COMPLAINT

7          I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

8

9   Neama Rahmani, Esq.                        Attorneys for Plaintiff
Ronald L. Zambrano, Esq.                    *Tommy Canterberry*
Sheena B. Tehrani, Esq.                     Phone:  (213) 927-3700

10  West Coast Employment Lawyers, APLC        Fax:     (213) 927-3701
350 South Grand Avenue, Suite 3350          ron@westcoasttriallawyers.com

11  Los Angeles, CA 90071                      sheena@westcoasttriallawyers.com

12         The documents were served by the following means:

13  ☒       (BY ELECTRONIC TRANSMISSION ONLY)  Only by e-mailing the document(s) to the
persons at the e-mail address(es) listed above based on notice provided on March 16, 2020

14          that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely,
not able to send physical mail as usual, and is therefore using only electronic mail. No

15          electronic message or other indication that the transmission was unsuccessful was received
within a reasonable time after the transmission.

16

17         I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

18         Executed on November 23, 2020, at Los Angeles, California.

19

20         _____
Heather Norton

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-5099-7714.1                              13

DEFENDANT ACARA SOLUTIONS, INC.'S ANSWER TO COMPLAINT

# EXHIBIT D

| | |
|---|---|
| **From:** | Iskander, Gregory |
| **To:** | Mantas, Speros |
| **Cc:** | Garcia Perez, Yesenia; Barber, John |
| **Subject:** | RE: Canterberry v. Acara Solutions, Inc., et al. |
| **Date:** | Monday, November 23, 2020 2:25:52 PM |
| **Attachments:** | image001.png |
| | image002.png |

Confirmed. Thanks.

**Gregory Iskander**
Attorney at Law
925.927.4543 direct, 925.209.3560 mobile, 925.946.9809 fax
GIskander@littler.com



Labor & Employment Law Solutions | Local Everywhere
Treat Towers, 1255 Treat Blvd, Suite 600, Walnut Creek, CA 94597

---

**From:** Mantas, Speros <Speros.Mantas@lewisbrisbois.com>
**Sent:** Monday, November 23, 2020 1:02 PM
**To:** Iskander, Gregory <GIskander@littler.com>
**Cc:** Garcia Perez, Yesenia <YGarciaPerez@littler.com>; Barber, John <John.Barber@lewisbrisbois.com>
**Subject:** Canterberry v. Acara Solutions, Inc., et al.

Hi Greg and Yesenia,

This email is to confirm that Acara Solutions, Inc. consents to removal of the above referenced matter to federal court. It is our understanding that Siemens Mobility, Inc. also consents to removal. Please confirm at your earliest. Thank you.

Best,



**Speros G. Mantas**
**Attorney**
Speros.Mantas@lewisbrisbois.com

**T: 213.599.7890  F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.