UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tommy Canterberry, | No. 20-cv-02361-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Acara Solutions, Inc.; Siemens Mobility, Inc.; Does 1 through 10, | |
| Defendants. | |

Tommy Canterberry brings this case against Acara Solutions, Inc., Siemens Mobility Inc., and Does 1–10[1] for violation of California's Fair Chance Act, Cal. Gov't. Code § 12952. Acara now moves for judgment on the pleadings. **The court grants the motion**, for the reasons provided below.

/////

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id*. at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1

I.    BACKGROUND

Acara, an employment agency, hired Canterberry as a temporary welder for Siemens. Compl. ¶ 10, Not. Of Removal Ex. A, ECF No. 1-3. Canterberry then applied for a permanent position with Siemens. *Id*. ¶ 12. Canterberry underwent a background check as part of the application process. *Id*. The background check uncovered his felony conviction from two years before. *Id*. ¶ 14. Siemens and Acara told him not to show up to work, and Acara terminated his contract. *Id*. ¶ 21. Canterberry alleges Siemens and Acara terminated him based on his conviction without seeking an explanation. *Id*. ¶ 14.

Canterberry claims the termination violated California Government Code § 12952, which restricts inquiries into criminal history. After exhausting his administrative remedies, *id.* ¶¶ 15, 18, he filed this case in state court, *see generally* Compl. The defendants then removed the case to this court, invoking federal diversity jurisdiction. Not. of Removal, ECF No. 1. Acara now moves for judgment on the pleadings. Mot. J. on the Pleadings at 1–2, ECF No 14. The motion is fully briefed. Opp'n, ECF No. 16; Reply, ECF No. 18. The court submitted the matter without oral argument. Min. Order, ECF No. 17.

II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) claim, thus the same standard of review applies. *Gregg v. Hawaii, Department of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 Fed. App'x 529, 531 (9th Cir. 2018) (unpublished) (affirming district court's dismissal of plaintiff's claims based on res judicata because Rule 12(b)(6) and Rule 12(c) motions have same standard of review). A plaintiff must support each claim for relief with factual allegations that allow the court to draw a plausible inference of the defendants' potential liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When considering a Rule 12(c) motion, the court assumes all factual allegations in the pleadings are true and draws inferences in favor of the non-moving party.

/////

*Gregg*, 870 F.3d at 886–87 (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *see also Doutherd v. Motesdeoca*, No. 17-02225, 2021 WL 1784917, at *3 (E.D. Cal. May 5, 2021).

### III. ANALYSIS

Acara argues Canterberry cannot state a claim against it under section 12952 because he did not apply for a position with Acara, but rather with Siemens. Mot. J. Pleadings at 8; *see also* Reply at 4–5.

Section 12952 of the California Government Code prohibits employers from inquiring into an applicant's conviction history until after a conditional offer of employment has been made. Cal. Gov't Code § 12952(a)(2). Employment agencies like Acara are subject to this statute. *See* Cal. Gov't Code §§ 12926(d)–(e); Cal. Code Regs. Tit. 2, § 11008(e) (2019). The Government Code does not define "applicant" for purposes of section 12952, but the agency charged with administering section 12952, the Fair Employment and Housing Council (FEHC), *see* Cal. Gov't Code § 12935, has defined that term. California courts give considerable weight to an administrative agency's construction of its regulations and statutes, as well as deference to the agency's administrative interpretation. *See Jimenez v. U.S. Cont'l Mktg., Inc.*, 41 Cal. App. 5th 189, 196–97 (2019) (giving weight to FEHC's definition for "employee"). The FEHC interprets "applicant" as:

> Any individual who files a written application or, where an employer or other covered entity does not provide an application form, any individual who otherwise indicates a specific desire to an employer or other covered entity to be considered for employment. Except for recordkeeping purposes, "Applicant" is also an individual who can prove that he or she has been deterred from applying for a job by an employer's or other covered entity's alleged discriminatory practice.

Cal. Code Regs. tit. 2, § 11008(a).

Given the relationship between Canterberry and Acara, Canterberry does not fit this definition. Canterberry applied directly to Siemens for a permanent position. Compl. ¶ 12. He did not apply for a position with Acara, and he was not deterred from applying to Acara. Rather, he alleges he was already working for Acara. *Id.* ¶ 10.

/////

1    Canterberry claims Acara terminated him based on his prior conviction. *Id.* ¶ 12. This
2 theory is not viable. Section 12952 protects only applicants, not existing employees. *See* Cal.
3 Gov't Code § 12952. Canterberry urges a broader interpretation of the statute, that would prevent
4 "a temporary staffing agency" from being "able to terminate an employee applying to a
5 permanent position elsewhere based on information received in violation of [section 12952]."
6 Opp'n at 3–4. That interpretation has no support in California law. Section 12952
7 unambiguously refers to the "applicant" as the protected party, not to an "employee, an applicant,
8 an unpaid intern or volunteer," as the statute does elsewhere. *See* Cal. Gov't Code § 12940.
9 Canterberry's interpretation would effectively eliminate this difference provided for by the
10 legislature, a result to be avoided when interpreting California statutes. *See People v. Johnson*,
11 28 Cal. 4th 240, 247 (2002).

12    Canterberry also appears to argue now that Acara is liable because it was a joint employer
13 with Siemens. *See* Opp'n at 3–4. As noted, however, Canterberry was an employee of Acara
14 before his conviction was uncovered, *see* Compl. ¶ 10, thus his claims cannot have arisen in his
15 capacity as an applicant to Acara. Rather, his claims arose from his efforts to become a
16 permanent employee of Siemens only. *Id.* ¶¶ 12, 14. Given Canterberry's own pleading that he
17 was only applying to one employer and the absence of new information to the contrary, that the
18 defendants are joint employers under California law, his mere argument now does not save
19 Canterberry's claims. Furthermore, to the extent Canterberry's argument effectively requests an
20 expansion of California law regarding joint employment to include potential employers, the court
21 declines to grant the request. *See Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346–47
22 (9th Cir. 1974) ("[T]he duty of the federal court is to ascertain and apply the existing California
23 law, not to predict that California may change its law and then to apply the federal court's notion
24 of what that change might or ought to be.").

25    Canterberry has not stated a claim against Acara. Acara asks the court to dismiss without
26 leave to amend. Courts may decline to grant leave to amend if any amendment would be futile.
27 *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).
28 As Canterberry did not apply for a position with Acara, as relevant here, he cannot state a claim

4

against Acara.  Amendment would be futile.  The motion to dismiss is thus granted without leave to amend.

### IV.  CONCLUSION

For the reasons above Acara's motion for judgment on the pleadings is **granted without leave to amend.**

This order resolves ECF No. 14.

IT IS SO ORDERED.

DATED: February 1, 2022.

CHIEF UNITED STATES DISTRICT JUDGE