GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
YESENIA GARCIA PEREZ, Bar No. 264880
ygarciaperez@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
SIEMENS MOBILITY INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TOMMY CANTERBERRY,<br><br>   Plaintiff,<br><br>   v.<br><br>ACARA SOLUTIONS, INC., a New York business organization; SIEMENS MOBILITY INC., a Delaware business organization; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. 2:20-CV-02361-KJM-KJN)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: October 2, 2020<br>(Sacramento County Superior Court Case No.: 34-2020-002-86414) |

Plaintiff Tommy Canterberry ("Plaintiff") and Defendant Siemens Mobility Inc. ("Defendant"), by and through their respective counsel of record, enter into this Stipulated Protective Order.

1. <u>Agreements.</u>

    a. Plaintiffs and Defendants (collectively, the "Parties"), and non-parties will be exchanging documents and information solely because they are involved in the above-captioned litigation.

    b. The Parties agree that all information exchanged will be used only for purposes of this particular litigation and for no other purpose.

    c. The Parties also acknowledge that it is likely that they and non-parties will produce in this litigation information that is confidential or proprietary.

    d. Due to the nature of this case, this Protective Order is necessary to ensure proper and efficient conduct of this action and to protect the Parties' and non-parties' respective commercial interests in proprietary, marketing and commercial information. Specifically, the Parties in this action will need to request and produce information that may contain proprietary/confidential information, commercial information, sensitive financial information, technical information, trade secrets, private health information or private personal information.

    e. The disclosure of this information will likely cause the producing Party, or non-parties from whom such information is sought, significant harm if this information is disclosed without the conditions and protections contained herein.

    f. The Parties agree that this Order shall apply to and govern the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, or summaries of documents ("Discovery Material") produced by any Party or non-party in this litigation.

    g. The Parties and any non-parties may designate Information and Documents as "Confidential Information" or "Highly Confidential Information," as defined below. Any Party or non-party so designating is a "Designating Party."

STIPULATED PROTECTIVE ORDER     2     (NO. 2:20-CV-02361-KJM-KJN)

2.  Definitions.

    a.  "*Confidential*" or "*CONFIDENTIAL*" information is information that that the Designating Party in good faith reasonably believes will disclose confidential and nonpublic technical, commercial, financial, personal or business information that would provide others with an unfair competitive or improper advantage, including but not limited to trade secrets. Confidential Information also means an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual.

    b.  "*Highly Confidential – Attorneys' Eyes Only*" or "*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*" information is information that, if generally disclosed to the opposing Party, the Designating Party reasonably and in good faith believes constitutes (i) trade secrets, (ii) operating, management or other proprietary agreements, (iii) confidential business ownership information, (iv) business financial records or projections, (v) proprietary information and technical specifications, (vi) confidential strategic business plans and projections, (vii) employee information, or (viii) information that is subject to an express obligation of confidentiality owed by the Designating Party to a third-party.

    c.  *"Designating Party"* means the party producing or designating information as Confidential or Highly Confidential under this Stipulated Protective Order.

    d.  *"Receiving Party"* means any party to whom Confidential or Highly Confidential information is produced.

    e.  *"Outside Expert"* means an expert who is retained to assist counsel for the Parties in connection with this litigation.

3.  Designation as "Confidential" or "Highly Confidential."

    a.  All Confidential or Highly Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof one of the following two legends: "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (in either lower case or upper case letters) or by designating the material as Confidential or as Highly Confidential- Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

     b.     All Confidential or Highly Confidential Discovery Material in the form of software or digital material stored on an electronic storage device shall be designated by affixing either a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend on the device itself, by electronically stamping one of these legends on each page or portion thereof, or by designating the material as Confidential or as Highly Confidential – Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

     c.     Testimony given at a deposition or hearing, the resulting transcript, and its exhibits may be designated as Confidential or Highly Confidential within thirty (30) days after receipt of a copy of the transcript by advising the opposing Party and the stenographer in writing of the specific page and line numbers designated as Confidential or Highly Confidential. Pages of transcribed testimony or exhibits designated as Confidential or Highly Confidential shall be separately bound by the stenographer. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the cover.

     d.     In the event any Designating Party produces Confidential or Highly Confidential information that has not been correctly designated, the Designating Party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. The parties shall treat such information in accordance with this Stipulated Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

     e.     A Designating Party who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties.

4.    <u>Use and Disclosure of Confidential and Highly Confidential Information.</u>

     a.     Until or unless the Court rules otherwise, material marked or otherwise designated as Confidential and Highly Confidential shall be maintained in strict confidence by the Receiving Parties under the terms set forth below.

     b.     Confidential Information may only be disclosed to:

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER    4    (NO. 2:20-CV-02361-KJM-KJN)

i. Officers, directors, employees or consultants of the Receiving Party as part of their assistance with preparing, prosecuting or trying the case, but only to the extent necessary to allow them to provide that assistance;

ii. Outside counsel for the respective Parties, including their clerical, litigation support and paralegal employees;

iii. Outside Experts;

iv. Any witness or his or her counsel in preparation for a deposition or otherwise testifying in any proceeding, who shall be provided prior to or at the outset of the deposition, hearing or trial with a copy of the Stipulated Protective Order on record. In such instance, the witness shall be bound by the provisions of the Stipulated Protective Order and shall be informed that the witness is bound by its terms. Neither a witness nor his or her counsel shall be permitted to retain a copy of Confidential materials unless otherwise permitted by the terms of this Stipulated Protective Order;

v. The court reporter, stenographer or video recorder operator retained by any Party to record a deposition or court hearing;

vi. Any outside copy services or litigation support services whose function necessitates access to material designated as Confidential or Highly Confidential under this Protective Order;

vii. The Court, its personnel, officers, court stenographers, and any other person designated by the court in the interest of justice, upon such terms as the court may deem proper;

viii. Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, *provided that*: (a) the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity; and

    ix.  The list of persons to whom Confidential information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Parties to this action without the necessity of modifying this Stipulated Protective Order.

  c. Highly Confidential Information may only be disclosed to:

    i.  Outside Counsel (see 4(b)(ii));

    ii.  Outside Experts (see 4(b)(iii));

    iii.  Court reporters, stenographers or video recorders (see 4(b)(v));

    iv.  Any outside copy services or litigation support services (see 4(b)(vi));

    v.  The Court, its personnel and those persons designated by the Court to view Highly Confidential Information (see 4(b)(vii));

    vi.  Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (see 4(b)(viii));

    vii.  The In-House Counsel of any party involved in management or oversight of the above styled action; and

    viii.  Any person who, based on the face of the Highly Confidential document, as established through specific documentary or testimonial evidence or as agreed to by the Designating Party, authored or previously received a copy of said document.

    ix.  The list of persons to whom Highly Confidential information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulated Protective Order.

  d. A Party may not disclose information designated by another Party as Confidential or Highly Confidential to persons allowed to view such materials under Sections 4(b)(i), (ii), (iii), (iv) & (ix) and Sections 4(c)(ii), (viii) & (ix) until that person has signed and agreed to the provisions set forth in Appendix A to this Order. Counsel for the Party providing such access shall be responsible for obtaining and maintaining the signed agreement.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER  6  (NO. 2:20-CV-02361-KJM-KJN)

e. A Party may not disclose information designated by another Party as Confidential or Highly Confidential to any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (as described in §4(b)(viii) and § 4(c)(vi)) until that person has signed and agreed to the provisions set forth in Appendix A to this Order or the substantial equivalent thereof. Counsel for the Party providing such access shall be responsible for obtaining and maintaining the signed agreement.

f. Any Party may disclose its own Confidential or Highly Confidential information in any manner.

g. A Party who wishes to disclose information designated as Confidential or Highly Confidential by another Party to a person not authorized by this Order to receive it must first make a reasonable attempt to obtain the Designating Party's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>No Waiver of Privileges.</u>

The production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection and the Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. If, during the course of this Civil Action, a Designating Party produces a document or any other piece of information that the Designating Party thereafter claims to be privileged or protected, the Designating Party may give notice to the Receiving Party in writing, and the Parties agree that the document or information will be returned to the Designating Party, and all copies, notes, quotations or summaries thereof will be destroyed within five (5) days. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

6. <u>Disputes over Designation(s).</u>

a. If a Party disputes a Designating Party's designation of Discovery Material as Confidential or Highly Confidential, the Party shall notify the Designating Party in writing of the basis for the dispute (the "Objection"), identifying the specific Discovery Materials and designations which are disputed and proposing a new designation for such Materials. The objecting Party and the

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER   7   (NO. 2:20-CV-02361-KJM-KJN)

1  Designating Party shall then meet and confer to attempt to resolve the Objection without involvement
2  of the Court.

3        b.    If the Parties cannot resolve the Objection within fourteen (14) days of when the
4  Objection was served on the Designating Party, the objecting Party may then file a motion to re-
5  designate the Discovery Materials in dispute. The Designating Party bears the burden of proving that
6  the Discovery Materials are properly designated as Confidential or Highly Confidential. The
7  Discovery Materials shall remain subject to the Designating Party's Confidential or Highly
8  Confidential designation until the Court rules on the dispute.

9        c.    If the Party challenging the designation of the Discovery Materials does not file a
10  motion challenging the designation of the Discovery Materials, the designated Materials shall continue
11  to be subject to Confidential or Highly Confidential treatment as provided in this Order.

12        d.    A Designating Party's designation of Discovery Materials as Confidential or Highly
13  Confidential or a Party's failure to contest a designation of information as Confidential or Highly
14  Confidential is not an admission that the information was properly designated, and it is not
15  determinative of whether such Discovery Materials are entitled to be deemed as such.

16  7.    <u>Use of Confidential Material in Pleadings or at Hearing.</u>

17        a.    Filing Under Seal – Court administrators are directed to maintain the confidentiality of
18  all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other
19  papers filed that have been designated, in whole or in part, as Confidential or Highly Confidential, by
20  any Designating Party, consistent with the sealing requirements of the court.

21        b.    When any Discovery Material designated as Confidential or Highly Confidential is
22  filed with the court under seal, the filing Party shall the same day email a copy of all materials so filed
23  to counsel of record for the opposing party.

24        c.    Discovery Materials designated as Confidential or Highly Confidential may be used in
25  a filing before any special discovery master in accordance with the preferences of that special
26  discovery master.

27        d.    Discovery Materials designated as Confidential or Highly Confidential may be offered
28  into evidence at trial or hearing on preliminary injunction, however, the parties agree to jointly petition

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER      8      (NO. 2:20-CV-02361-KJM-KJN)

the Court to establish procedures to protect such Discovery Materials at trial or hearing before any such trial or hearing is begun.

8. <u>Reasonable Precautions and Storage.</u>

Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any designated Discovery Material. If the Receiving Party learns of any improper disclosure of designated Discovery Material, the Party's counsel shall attempt to obtain all copies of the disclosed Material and shall inform the Designating Party promptly of the disclosure and the circumstances surrounding the disclosure, but no later than three (3) business days after discovery of such disclosure. Confidential and Highly Confidential Discovery Material subject to the terms of this Order shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Confidential Discovery Material will be unlikely to obtain access to it.

9. <u>Document Disposal.</u>

Except as otherwise agreed in writing by the Parties, upon final termination of this action (including all appeals), the Designating Party may demand that the Receiving Parties destroy all Confidential or Highly Confidential information designated by the Designating Party within 60 (sixty) days of the demand. Counsel may retain one archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, deposition and trial exhibits, legal memoranda, correspondence, document productions, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential information. Any such archival copies that contain Confidential or Highly Confidential information shall remain subject to this Order.

10. <u>Provision of Legal Advice.</u>

This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client an evaluation in a general way of Confidential or Highly Confidential Discovery Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any Confidential or Highly Confidential Discovery Material produced herein, which disclosure would be contrary to the terms of this Order.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER     9     (NO. 2:20-CV-02361-KJM-KJN)

11. <u>Joinder of Parties.</u>

This Order shall be binding upon any party joined in the litigation unless and until the Court, pursuant to a request by the joined party or on its own accord, orders that the joined party is not subject to the terms of the Order.

12. <u>Survival of Obligations.</u>

This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

13. <u>No Waiver.</u>

Nothing in this Order prevents a Party from disclosing its own documents and information as it sees fit. Any use or discussion of Confidential or Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this Order.

14. <u>Production of Information Pursuant to Process.</u>

If Confidential or Highly Confidential Discovery Material in the possession, custody, or control of a Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall promptly give written notice of such process or discovery request together with a copy thereof, to counsel for the Designating Party so that the Designating Party has reasonable opportunity to challenge or oppose the request. The Designating Party may move against the subpoena or other process, or oppose entry of any order by a court of competent jurisdiction compelling production of the Confidential or Highly Confidential Discovery Material, or take any other lawful action to challenge or oppose the request. If the Designating Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce Confidential or Highly Confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Designating Party to seek a prompt judicial determination of the Designating Party's motion or objection before compliance is required.

15. <u>Not an Admission.</u>

Nothing in this Order or done by a Party pursuant to this Order shall constitute an admission by the Party, or shall be used as evidence, that information designated as Confidential or Confidential – Attorneys' Eyes Only is actually confidential Discovery Material. Furthermore, nothing contained herein shall preclude the Parties or a person from raising any available objection, or seeking any available protection with respect to any confidential Discovery Material, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: _____, 2022  _____
Ronald L. Zambrano
Crystal F. Mohsin
Attorneys for Plaintiff

DATED: _____, 2022  _____
Gregory G. Iskander
Yesenia Garcia Perez
Attorneys for Defendant

**ORDER**

The court has reviewed the parties' stipulated protective order. (See ECF No. 24). The stipulation lists categories of information sought to be protected, and otherwise comports with the relevant authorities and the court's applicable local rule. <u>See</u> L.R. 141.1(c); <u>see also</u> <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) (requiring a showing of good cause for protective orders). The court APPROVES the protective order subject to the following clarification. The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case. <u>See, e.g.</u>, <u>MD Helicopters, Inc. v. Aerometals, Inc.</u>, 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: March 3, 2022

cant.2361

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER    11    M-KJN)

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case *Tommy Canterberry v. ACARA Solutions, Inc., Siemens Mobility Inc.,* Case No. 2:20-cv-02361-KJM. I hereby affirm that:

1. Select materials containing information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as defined in the Stipulated Protective Order (the "Order") may be provided to me in connection with this litigation.

2. I have been given a copy of and have read the Order.

3. I am familiar with the terms of the Order and I agree to comply with and to be bound by the terms thereof. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4. I agree not to use any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information disclosed to me pursuant to the Order except for any purpose other than to provide assistance or review of the above-captioned litigation or settlement thereof, and I agree not to disclose any such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to persons other than those specifically authorized by said Order, without the express written consent of the Party who designated such information as being confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of said Order.

5. I understand that I am to retain all documents or materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in his matter, whereupon all such documents and materials, including all copies thereof, and

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER    12    (NO. 2:20-CV-02361-KJM-KJN)

any writings prepared by me containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information are to be returned to counsel who provided me with such documents and materials.

6. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

7. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

By: _____

Name: _____

Title: _____

Company: _____

4867-0160-0270.3 / 067219-1082

STIPULATED PROTECTIVE ORDER    13    (NO. 2:20-CV-02361-KJM-KJN)

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468