LITTLER MENDELSON, P.C.
GREGORY G. ISKANDER, Bar No. 200215
YESENIA GARCIA PEREZ, Bar No. 264880
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
Facsimile:    925.946.9809

Attorneys for Defendant
SIEMENS MOBILITY INC.

WEST COAST EMPLOYMENT LAWYERS, APLC
RONALD L. ZAMBRANO, Bar No. 255613
CRYSTAL F. MOHSIN, Bar No.333299
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff
TOMMY CANTERBERRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TOMMY CANTERBERRY,<br><br>           Plaintiff,<br><br>v.<br><br>ACARA SOLUTIONS, INC., a New York business organization; SIEMENS MOBILITY INC., a Delaware business organization; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.  (CASE NO. 2:20-CV-02361-KJM-KJN)<br><br>**JOINT STIPULATION TO MODIFY INITIAL SCHEDULING ORDER; ORDER**<br><br>Complaint filed: October 2, 2020 (Sacramento County Superior Court Case No.: 34-2020-002-86414) |

Plaintiff Tommy Canterberry ("Plaintiff") and Defendant Siemens Mobility, Inc. ("Defendant") (collectively the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

WHEREAS, Plaintiff filed his Complaint on October 13, 2020 in Sacramento County Superior Court, and Defendant timely removed this matter to this Court on November 25, 2020.

WHEREAS, on March 26, 2021 the Parties filed their Joint Report of their Rule 26(f) Conference and Proposed Discovery Plan (Dkt. 8).

WHEREAS, on April 8, 2021, this Court issued its Initial Scheduling Order (Dkt. 9).

WHEREAS, the Parties have engaged in written discovery and have agreed to pursue a private mediation in hopes to reach a resolution of this matter before engaging in further discovery and litigation efforts and have appointed Mark Peters as their mediator. The Parties have reserved August 15, 2022 to mediate with Mr. Peters, which is after the current deadlines to complete expert disclosures, exchange rebuttal expert witnesses, and complete fact discovery under the current Scheduling Order. Accordingly, the Parties hereby stipulate to modify the Scheduling Order to allow them the opportunity to mediate this case and potentially reach a resolution without the need to conduct further discovery and litigation efforts at this time.

WHEREAS, good cause exists to modify the Court's Scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation. . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g., Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION TO MODIFY INITIAL SCHEDULING ORDER; ORDER — 2. — (CASE NO. 2:20-CV-02361-KJM-KJN)

cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's Scheduling Order given the Parties' agreement to mediate with Mark Peters on August 15, 2022. This modification to extend the deadlines in the Scheduling Order would allow the Parties the opportunity to focus their resources (both time and expense) on settlement as opposed to engaging in further discovery and motion work. Consequently, a modification of the Scheduling Order would result in a savings of judicial resources because, should the Parties' mediation be successful, the need for any further motion work or a trial in this case would be eliminated. The Parties have not previously requested a modification to the Scheduling Order.

THEREFORE, upon good cause shown, the Parties stipulate to modify the Scheduling Order as follows:

**Current Scheduling Order Dates:**

May 27, 2022 – Fact Discovery Cutoff

June 24, 2022 – Expert Discovery Cutoff

April 29, 2022 – Last Day to complete expert disclosures

May 27, 2022 – Last Day to exchange rebuttal expert witnesses

August 5, 2022 – Last Day to hear dispositive motions

**Proposed New Dates:**

October 27, 2022 – Fact Discovery Cutoff

December 1, 2022 – Expert Discovery Cutoff

September 29, 2022 – Last Day to complete expert disclosures

October 27, 2022 – Last Day to exchange rebuttal expert witnesses

January 20, 2023 – Last Day to hear dispositive motions

IT IS SO STIPULATED.

Dated: April 25, 2022                Respectfully submitted,

/s/ CRYSTAL F. MOHSIN
RONALD L. ZAMBRANO
CRYSTAL F. MOHSIN
WEST COAST EMPLOYMENT LAWYERS, APLC
ATTORNEYS FOR PLAINTIFF
TOMMY CANTERBERRY

Dated: April 25, 2022                Respectfully submitted,

/s/ YESENIA GARCIA PEREZ
GREGORY G. ISKANDER
YESENIA GARCIA PEREZ
LITTLER MENDELSON, P.C.
ATTORNEYS FOR DEFENDANT
SIEMENS MOBILITY INC.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT STIPULATION TO MODIFY INITIAL
SCHEDULING ORDER; ORDER     4.     (CASE NO. 2:20-CV-02361-KJM-KJN)

# **ORDER**

**Upon good cause shown,** the court orders the Scheduling Order to me modified as follows:

**October 27, 2022** – Fact Discovery Cutoff.

**December 1, 2022** – Expert Discovery Cutoff.

**September 29, 2022** – Last Day to complete expert disclosures.

**October 27, 2022** – Last Day to exchange rebuttal expert witnesses.

**January 27, 2023 –** Last Day to hear dispositive motions.

**IT IS SO ORDERED.**

DATED:  May 4, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE